UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

HILDA L. SOLIS, Secretary of Labor,          :
United States Department of Labor,           :
                                             :
                         Plaintiff,          :
                                             :      CIVIL ACTION
            v.                               :
                                             :
B & K BUILDERS, INC., ROBERT                 :
ASCHENBRENNER, KENNETH STAAB,                :      Case No. 11-cv-0705
B & K BUILDERS, INC. 401(K) PROFIT           :
SHARING PLAN, and B & K BUILDERS, INC.       :
PREVAILING WAGE PLAN,                        :
                                             :
                                             :
                         Defendants.         :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## CONSENT ORDER AND JUDGMENT

Plaintiff Hilda L. Solis, Secretary of Labor ("Secretary"), United States Department of

Labor, has filed a complaint against Defendants B & K Builders, Inc. ("B & K"), Robert

Aschenbrenner, and Kenneth Staab, ("Defendants") alleging that they violated their fiduciary

obligations under Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"),

as amended, 29 U.S.C. §§ 1001, *et seq.* with respect to their administration of the B & K

Builders, Inc. 401(k) Profit Sharing Plan and the B & K Builders, Inc. Prevailing Wage Plan.[1]

Defendant Aschenbrenner and the Secretary previously resolved the allegations against

Aschenbrenner in the Complaint that concerned the B&K Builders, Inc. 401(k) Profit Sharing

Plan ("401(k) Plan"). The Secretary agreed to dismiss Aschenbrenner after she received proof

---

[1] The B & K Builders, Inc. 401(k) Profit Sharing Plan and the B & K Builders, Inc. Prevailing Wage Plan were only named as defendants pursuant to Rule 19(a) of the Federal Rules of Civil Procedure solely to assure that complete relief can be granted.

that the full amount of the alleged losses to the 401(k) Plan, $22,847.86, was paid to the 401(k) Plan on or around March 5, 2012. On May 14, 2012, Aschenbrenner was dismissed from the lawsuit.

Defendants B & K and Staab have waived service of process of the complaint and have admitted to the jurisdiction of this Court over them and the subject matter of this action.

On October 9, 2012, Defendant Staab restored $117,430.85 to the B & K Builders, Inc. Prevailing Wage Plan ("PW Plan"), which amount included the unremitted employer contributions that were due the PW Plan between June 2007 and June 2009 and $20,123.05 in associated lost opportunity costs, as payment in full of the losses the Secretary alleged the PW Plan had suffered as a result of the fiduciary breaches alleged in Count II of the Secretary's Complaint. Defendant Staab has provided sufficient proof to the Secretary that the aforementioned monies have been paid to the PW Plan.

The Secretary and Defendants B & K and Staab have agreed to resolve all matters in controversy in this action between them (except for the imposition by Plaintiff of any penalty pursuant to ERISA § 502(l), 29 U.S.C. §1132(l), and any proceedings related thereto), and said parties do now consent to entry of a Consent Order and Judgment by this Court in accordance therewith to resolve all remaining matters in this lawsuit.

Now, therefore, upon consideration of the record herein, and as agreed to by the parties hereto, the Court finds that it has jurisdiction to enter this Consent Order and Judgment, and being fully advised in the premises, it is

**ORDERED, ADJUDGED AND DECREED** that:

1.    Defendant Staab is permanently enjoined from violating the provisions of Title I of ERISA.

2.    Defendant Staab is removed from any position that he now has as a fiduciary to the PW Plan and the 401(k) Plan.

3.    Defendant Staab is permanently enjoining from serving as a fiduciary to any ERISA-covered employee benefit plan.

4.    The money paid to the PW Plan on October 9, 2012 has been applied to the individual plan accounts of the PW Plan participants, with the exclusion of Kenneth Staab, who: (1) were participants of the PW Plan during the period of June 1, 2007 to June 30, 2009; (2) were due prevailing wage fringe benefits pursuant to state or federal contracts subject to the Davis Bacon Act during the same time period; and (3) have not received their full prevailing wage fringe benefits due under these contracts.  The aforementioned money has been allocated to the PW Plan's participants in an amount equal to the unpaid prevailing wage fringe benefits plus all lost opportunity costs owed to each participant.  Proof of such allocations has been provided to the Secretary.

5.    Wipfli, LLP, 11 Scott St. Suite 400, Wausau, Wisconsin 54403 is hereby appointed as the Independent Fiduciary to the PW Plan and the 401(k) Plan (collectively, "Plans") and is charged with the proper administration and termination of the Plans having the following powers, duties, and responsibilities:

   a.    The Independent Fiduciary shall have the responsibility and authority to collect, liquidate, and manage the assets of the Plans for the benefit of the Plans' eligible participants and beneficiaries for the Plans who are entitled to receive such assets,

including any rights held by the Plan under the Security Agreement, until such time that the assets of the Plans are distributed to the Plans' eligible participants and beneficiaries of the Plans;

      b.      The Independent Fiduciary shall exercise reasonable care and diligence to identify and locate each participant and beneficiary of the Plans who is eligible to receive a payment under the terms of this Consent Order and Judgment, the 401(k) Plan, and the PW Plan, and to disburse to each such eligible participant or beneficiary the payment to which he or she is entitled;

      c.      The Independent Fiduciary shall have full access to all data, information and calculations in the Plans' possession or under its control, including that information contained in the records of the Plans' custodial trustees and other service providers, bearing on the distribution of benefit payments, participant account balances and current plan assets;

      d.      The Independent Fiduciary may retain such persons and firms including but not limited to accountants and attorneys, as may be reasonably required to perform his duties hereunder; and

      e.      The Independent Fiduciary shall obtain bonding in an amount that meets the requirements of ERISA § 412, 29 U.S.C. § 1112, at a cost of $141 per Plan. The costs incurred by the Independent Fiduciary in obtaining such bonding shall be paid by the Plans.

      f.      The Independent Fiduciary shall provide a final accounting and proof of distribution to plan participants to the Regional Director, Chicago Regional Office, Employee Benefits Security Administration, 230 S. Dearborn St., Suite 2160, Chicago,

Illinois 60604.

6.      For the services performed pursuant to this Consent Order and Judgment, the Independent Fiduciary shall receive compensation not to exceed $4,000 for fees and expenses reasonably and necessarily incurred in administering and terminating the 401(k) Plan and an additional $4,000 for fees and expenses reasonably and necessarily incurred in administering and terminating the PW Plan.  The Third-party administrator, Firmani Benefits shall receive compensation, as approved by the Independent Fiduciary, not to exceed $1,500 for core termination services to terminate the 401(k) Plan and, not to exceed $1,500 for core termination services to terminate the PW Plan.   Defendant Staab shall pay all fees and expenses pursuant to this paragraph.  Defendant Staab has deposited a portion of the compensation described herein in escrow with Melli Law, S.C.  Said escrowed funds shall be used to pay the compensation described herein until such escrowed funds are exhausted, at which point any additional compensation owed shall be paid by Defendant Staab from other sources.

7.      Firmani Benefits shall receive additional compensation, as approved by the Independent Fiduciary, not to exceed $3,428.50 for fees and expenses reasonably and necessarily incurred in administering the 401(k) Plan through March 31, 2012 and $1,937.00 for fees and expenses reasonably and necessarily incurred in administering the PW Plan until March 31, 2012. Firmani Benefits shall receive compensation, as approved by the Independent Fiduciary, expected to be a $1,275 base with an $27 per participant and a $200 hourly rate for any non-core services for fees and expenses reasonably and necessarily incurred in administering the 401(k) Plan after March 31, 2012; and a $940 base with an additional $27 per participant and a $200 hourly rate for any non-core services for fees and expenses reasonably and necessarily incurred in administering the PW Plan after March 31, 2012.  The administrative fees for the 401(k) Plan

5

identified in this paragraph will be paid from the assets of the 401(k) Plan and the administrative fees for the PW Plan identified in this paragraph will be paid from the assets of the PW Plan.

8.   Each party agrees to bear its own attorneys' fees, costs and other expenses incurred by such party in connection with any stage of this proceeding, including attorneys' fees which may be available under the Equal Access to Justice Act, as amended.

9.   The Court retains jurisdiction for purposes of enforcing compliance with the terms of this Consent Order and Judgment.

DATED this **30th** day of *November* 2012.

*Barbara B Crabb*
Hon. Barbara B. Crabb

Judgment entered this ___3d___ day of December, 2012.

*Peter Oppeneer*
Peter Oppeneer, Clerk

6